UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENELVA ORTA,**

**Plaintiff,**

**v.**                                    **Case No:  6:14-cv-1835-Orl-41GJK**

**CITY OF ORLANDO, PAUL FOSTER,
K-9 OZZY and JOHN DOE 1,**

**Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 11), filed

December 4, 2014. Plaintiff[1] filed a Response (Doc. 13) on December 18, 2014. For the reasons

set forth herein, Defendants' Motion to Dismiss will be granted in part.

**I.      BACKGROUND**

This case arises out of Plaintiff's alleged arrest by officers of the Orlando Police

Department. The Complaint alleges the following facts surrounding the arrest:

On July 13, 2013, Plaintiff was the passenger in a white minivan. (Compl., Doc. 1, ¶ 15).

The driver of the minivan stopped the vehicle and another passenger exited and then reentered the

vehicle before the driver resumed driving. (*Id.* ¶¶ 16–17). Thereafter, officers with the Orlando

Police Department pursued the vehicle in connection with a burglary investigation. (*Id.* ¶¶ 18, 28).

The driver failed to immediately stop the vehicle for the officers, (*id.* ¶ 19), but eventually stopped,

(*id.* ¶ 20). The other passengers fled the vehicle, and Plaintiff followed them. (*Id.*). The officers

---

[1] The named party, Jenelva Orta, is the parent and natural guardian of K.H., the minor child
who suffered the alleged injury. For ease of reference, however, the Court will refer to K.H. as
Plaintiff for the purposes of the Motion to Dismiss.

commanded Plaintiff to stop, and Plaintiff complied, lying on the ground in a prone position. (*Id.* ¶¶ 21–22). Officer Foster and K-9 Ozzy were among the officers present during the stop. (*Id.* ¶ 21). While Plaintiff was on the ground, Foster ordered K-9 Ozzy to attack Plaintiff. (*Id.* ¶ 57). K-9 Ozzy attacked Plaintiff causing substantial physical injury. (*Id.* ¶¶ 25–27). Plaintiff did not fit the description of the burglary suspect sought by police, and he did not possess a weapon or threaten police during the incident. (*Id.* ¶¶ 28, 30). Plaintiff was arrested by Officer Doe and charged with at least one count of resisting an officer without violence, but the charge was not pursued by the State Attorney's Office. (*Id.* ¶¶ 33, 36, 78).

Plaintiff filed this case on November 11, 2014, against Officers Foster and Doe, K-9 Ozzy, and the City of Orlando. Plaintiff seeks damages for various alleged constitutional violations pursuant to 42 U.S.C. § 1983 and asserts state law claims for false imprisonment, negligence, battery, and intentional infliction of emotional distress. Defendants have jointly moved to dismiss Plaintiff's claims for unlawful arrest in violation of the Fourth Amendment, § 1983 municipal liability, and intentional infliction of emotional distress. Defendants also move to dismiss all claims against K-9 Ozzy.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.   ANALYSIS

#### A.   Defendant K-9 Ozzy

Defendants contend that all claims asserted against K-9 Ozzy "should be dismissed as he is not a proper party in accordance with the [Federal Rules of Civil Procedure]." (Mot. Dismiss at 1 n.1). At the outset, this argument is presented solely in a footnote and is not, therefore, properly before the Court. *See Dresser v. HealthCare Servs., Inc.*, No. 8:12-cv-1572-T-24MAP, 2013 WL 82155, at *10 n.1 (M.D. Fla. Jan. 7, 2013) (declining to address "arguments raised solely in a footnote"). Furthermore, this argument fails to cite the provision or provisions of the Federal Rules of Civil Procedure that would prohibit claims asserted against a police canine in his official capacity, or to elaborate on how those provisions provide for such a prohibition. Defendants bear the burden of setting forth sufficient grounds for dismissal. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it. . . . Rather, the onus is upon the parties to formulate arguments."). Accordingly, Defendants' Motion to Dismiss is denied insofar as it seeks to dismiss all claims against K-9 Ozzy.

### B.     Section 1983 Claims

#### 1.     Defendant Doe

Defendant Doe moves to dismiss Counts I and III of the Complaint[2] on the basis that he is entitled to qualified immunity for these claims. In response, Plaintiff argues that Defendant Doe lacked probable cause to effectuate the arrest and is not entitled to qualified immunity. "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation omitted). "The question is 'whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties.'" *Hargis v. City of Orlando*, No. 6:12-cv-723-ORL-37KRS, 2012 WL 6089715, at *3 (M.D. Fla. Dec. 7, 2012) (quoting *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006)). Plaintiff has alleged that Doe was making an arrest in his capacity as an Orlando police officer. (Compl. ¶¶ 33, 39–40, 47, 63). The Eleventh Circuit has noted that "making an arrest is within the official responsibilities of a sheriff's deputy"; thus an officer making an arrest is acting within his discretionary duty. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004); *see also Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (holding that it was "clear" that a law enforcement officer "was acting within the course and scope of his discretionary authority" when making an arrest). The allegations of the Complaint are sufficient at the motion to dismiss stage to satisfy the discretionary authority prong.

---

[2] Counts I and III, as pleaded, both allege a claim for unlawful arrest arising out of the same facts and circumstances and are, therefore, duplicative. Plaintiff argues Count III states a Fifth Amendment Due Process claim. However, "'[i]t is the substance of the claim and not the language used in stating it which controls.'" *JBP Acquisitions, LP v. U.S. ex rel. Fed. Deposit Ins. Corp.*, 224 F.3d 1260, 1264 (11th Cir. 2000) (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975)). Count III asserts the same factual allegations as Count I and is substantively a claim for unlawful arrest. Therefore, Counts I and III will be considered together.

The remaining burden is on Plaintiff. "To survive a motion to dismiss based upon qualified immunity, a plaintiff must allege sufficient facts to support a finding of [(1)] a constitutional violation of [(2)] a clearly established right." *Carter v. DeKalb Cnty.*, 521 F. App'x 725, 729 (11th Cir. 2013). "Qualified immunity is an affirmative defense that in the posture of a motion to dismiss must clearly appear on the face of the complaint." *Rhodes-Courter ex rel. Courter v. Thompson*, 252 F. Supp. 2d 1359, 1364 (M.D. Fla. 2003).

Turning to the first element, Plaintiff must have pleaded sufficient facts to allege conduct which would violate his Fourth Amendment right to be free from arrest without probable cause. "'In Fourth Amendment terminology, an arrest is a seizure of the person, and the reasonableness of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest.'" *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007)). A law enforcement officer has probable cause to arrest when the facts and circumstances of which he is aware are "'sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime.'" *Skop*, 485 F.3d at 1137 (quoting *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002)). Probable cause is assessed based on the totality of the circumstances. *See id*.

As an initial matter, Plaintiff has only made the conclusory allegations that Officer Doe arrested him without a warrant and without probable cause in Counts I and III of the Complaint. However, the existence of probable cause is a legal conclusion. *See United States v. Lindsey*, 482 F.3d 1285, 1292 n.5 (11th Cir. 2007) (noting that the existence of probable cause is a legal conclusion to be made by the court); *Wood v. Kesler*, 323 F.3d 872, 880 n.12 (11th Cir. 2003) (same). The allegations pertaining to Plaintiff's alleged unlawful arrest in Counts I and III do not set forth adequate facts for the Court to determine, based on these assertions alone, whether

probable cause existed. Notwithstanding the lack of allegations in Counts I and III, Plaintiff does allege, in Count V, that he was arrested for resisting an officer without violence in violation of section 843.02 of the Florida Statutes. (*Id.* ¶¶ 78, 80). For the purposes of judicial economy, the Court will consider this fact, although not properly pleaded in Counts I and III, to resolve the issue of qualified immunity before the Court at this time. However, Plaintiff should exercise greater caution in drafting pleadings in the future.

Section 843.02 provides, "Whoever shall resist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree." "To constitute obstruction of justice . . . the officer must have been engaged in '[1] the lawful execution [2] of a legal duty; and [3] the defendant's action, by his words, conduct, or a combination thereof, [must have] constituted obstruction or resistance of that lawful duty.'" *Jessup v. Miami-Dade Cnty.*, 440 F. App'x 689, 693 (11th Cir. 2011) (per curiam) (quoting *CEL v. State*, 24 So. 3d 1181, 1185–86 (Fla. 2009)). Plaintiff alleges that Doe was investigating a burglary at the time the incident occurred. (Compl. ¶ 28). "The investigation of a crime by a police officer is an execution of a [legal] duty." *V.L. v. State*, 790 So. 2d 1140, 1142 (Fla. 5th DCA 2001); *see also Jessup*, 440 F. App'x at 693 (stating that the investigation of a purported theft was a legal duty). Thus, the second element is satisfied and the Court turns to whether Doe was *lawfully* carrying out his legal duty.

"In determining whether an officer was engaged in the lawful execution of a legal duty, [the court] must apply the legal standards governing the officer's duty at the point that the resistance occurs." *Davis v. State*, 973 So. 2d 1277, 1279 (Fla. 2d DCA 2008). In order for flight alone to constitute "unlawfully obstructing an officer without violence, the state must establish that the defendant fled with knowledge of the officer's intent to detain him and the officer was

justified in making the detention due to his founded suspicion that the defendant was engaged in criminal activity." *D.M. v. State*, 681 So. 2d 797, 798 (Fla. 2d DCA 1996). Although it is alleged that the vehicle in which Plaintiff was a passenger failed to stop when directed to do so, this cannot be imputed to Plaintiff. *See E.A.B. v. State*, 964 So. 2d 877, 878–79 (Fla. 2d DCA 2007). Rather, Doe had to have "a particularized and objective basis for suspecting that [Plaintiff] was involved in criminal activity." *Id.* at 878; *see also J.R.P. v. State*, 942 So. 2d 452, 454 (Fla. 2d DCA 2006). Plaintiff alleges that he "did not fit the description of the burglary suspect being sought" by Doe and Doe did not observe Plaintiff "commit a crime." (Compl. ¶¶ 28, 31). The allegations that Plaintiff did not fit the description of the suspect and Doe did not observe Plaintiff engaged in unlawful activity prior to being detained are sufficient to allege a lack of founded suspicion by Doe. Therefore, Plaintiff has sufficiently alleged that Doe lacked arguable probable cause to arrest him for the crime of resisting without violence.

Because the Court has determined that Plaintiff sufficiently alleged a violation of his Fourth Amendment right against unlawful arrest, the Court must determine whether Plaintiff's rights were clearly established at the time of the arrest. "It is clearly established that an arrest made without probable cause violates the Fourth Amendment." *Thornton v. City of Macon*, 132 F.3d 1395, 1399 (11th Cir. 1998). Therefore, Plaintiff has pleaded sufficient facts in the Complaint to overcome Doe's present claim for qualified immunity as to Plaintiff's arrest for resisting without violence. Defendants' Motion to Dismiss, insofar as is alleges immunity, will be denied. However, as set forth above, Plaintiff's Fourth Amendment claims will be dismissed as insufficiently pleaded, but Plaintiff will be granted leave to amend to assert the charge or charges for which he was actually arrested.

2.    *Municipal Liability*

Defendant City of Orlando moves to dismiss Count IV of the Complaint for failure to adequately plead municipal liability under § 1983. Plaintiff asserts § 1983 municipal liability for the City of Orlando's alleged failure to properly train its officers in the handling of police dogs which resulted in a violation of Plaintiff's right against the use of excessive force. "[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). The Eleventh Circuit has held that such limited circumstances exist only "where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights." *Williams v. City of Homestead*, 206 F. App'x 886, 890 (11th Cir. 2006) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). "[A] plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants." *Gold*, 151 F.3d at 1350 (citing *City of Canton*, 489 U.S. at 388–89). "To establish . . . 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.*

Plaintiff's allegation that the City of Orlando "allow[s] employees of the [Orlando Police Department] to handle canines without proper animal behavior training to prevent causing harm" is sufficient at the motion to dismiss stage to satisfy the first prong of the failure to train test. (Compl. ¶ 69). Additionally, Count II of Plaintiff's Complaint purports to state a claim for excessive force against Defendants Foster and K-9 Ozzy based on the mishandling of a police dog. (*Id.* ¶¶ 53, 57–58). Defendants do not challenge the sufficiency of Count II, and the allegations of

Count II are reincorporated into Count IV. (*Id.* ¶¶ 72–73). This is adequate to satisfy the third prong for the purposes of the Motion to Dismiss.

However, Count IV, as pleaded, is insufficient to plead the existence of a policy through deliberate indifference. Plaintiff alleges only that the City of Orlando "has been placed on notice that [its] K-9 [o]fficers and handlers need training to prevent the use of excessive force upon innocent bystanders." (*Id.* ¶ 71). This conclusory allegation is not enough to meet Plaintiff's pleading burden as it fails to specify how the City of Orlando was placed on notice of the need for additional training. *See Yex v. City of Daytona Beach*, No. 6:14-cv-763-Orl-DAB, 2015 WL 868073, at *6–7 (M.D. Fla. Mar. 2, 2015) (dismissing a failure to train claim because the plaintiff did not plead factual allegations to support the conclusion that the city was on notice of a need to provide additional training); *Hall v. Smith*, No. 3:05 CV 68 J 25MMH, 2005 WL 1871144, at *4 (M.D. Fla. July 27, 2005) (dismissing a failure to train claim because the plaintiff only "referred to a single incident" and had "not presented facts showing that the municipality knew of a need to train . . . in a particular area").[3] Therefore, Count IV will be dismissed for failure to plead sufficient facts to support a claim of municipal liability.

### C.  Intentional Infliction of Emotional Distress

Defendant Foster moves to dismiss Count VIII for failure to state a claim upon which relief can be granted. Count VIII alleges the intentional infliction of emotional distress ("IIED") in violation of Florida common law. "To prove [IIED] under Florida law, the plaintiff must prove:

---

[3] In his Response, Plaintiff raises instances of similar conduct supporting his claims under Count IV. However, all the facts on which Plaintiff bases his claim must be properly pleaded in the Complaint. The Court does not look beyond the four corners of the Complaint in ruling on a motion to dismiss, *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006), and "[i]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss," *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004).

(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).

Foster only argues that Plaintiff cannot prove "outrageous conduct" sufficient to plead a claim for IIED. "Whether the conduct complained of is sufficiently outrageous and extreme to withstand a motion to dismiss is purely a question of law for the Court to decide." *Decius v. Nat'l Serv. Indus., Inc.*, No. 01-8320-CIV, 2001 WL 1621924, at *2 (S.D. Fla. Nov. 1, 2001); *see also Gandy v. Trans World Computer Tech. Grp.*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001) ("Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact."). "Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous, requiring that the conduct be 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Frias v. Demings*, 823 F. Supp. 2d 1279, 1288 (M.D. Fla. 2011) (quoting *Metro. Life Ins. Co.*, 467 So. 2d at 278–79).

Plaintiff, a minor child, alleges that he was the victim of an unprovoked physical assault by uniformed officers and a police canine acting under the authority of their office. Further, Plaintiff alleges that the attack resulted in both physical and mental harm. Courts in this Circuit have found such allegations sufficient to overcome a motion to dismiss under Florida law. *See Williams v. City of Daytona Beach*, No. 604CV1879ORL19KRS, 2005 WL 1421293, at *8–10 (M.D. Fla. June 16, 2005) (holding that "an unwarranted, unprovoked detention by law enforcement officers resulting in physical abuse and assault," along with verbal conduct and severe emotional distress and physical injury was sufficient to allege outrageous conduct); *see also Dawe*

*v. Rogers*, No. 8:09-cv-620-T-30AEP, 2009 WL 2579359, at *1, 5 (M.D. Fla. Aug. 18, 2009) (holding that the complaint sufficiently alleged outrageous conduct where plaintiff was purportedly attacked by a police canine while "unarmed, asleep in the woods, and posing absolutely no threat to any person," the attack was unprovoked, and the handler did not immediately order the dog to release the plaintiff). Plaintiff has alleged sufficient facts to make a plausible showing of outrageous conduct by Foster. Therefore, Count VIII will not be dismissed.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 11) is **GRANTED in part**.

2. Count IV is **DISMISSED without prejudice**. Defendants' Motion is denied in all other respects.

3. Plaintiff may file an amended complaint **on or before Monday, June 1, 2015**. Failure to do so may result in the dismissal of Counts I, III, and IV with prejudice and without further notice.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record